1:19 MJ 9186

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

# AFFIDAVIT

I, Ryan D. Anschutz, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. As will be shown below, there is probable cause to believe that Albert Aiad-Toss has knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited by any means a person knowing that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1591(a).

2. I graduated from Wright State University with a Bachelor of Arts in Criminal Justice in 2006, and I have been a sworn law enforcement officer since October of 2006. I have been assigned to the Special Investigations Unit of the Mansfield Division of Police since April of 2016, and am currently assigned to the FBI Child Exploitation Task Force. In May 2016, I was sworn in as a Special Deputy U.S. Marshal assigned to the Federal Bureau of Investigation ("FBI"). While employed by the Mansfield Division of Police and assigned to the FBI, I have assisted in the investigation of federal criminal violations related to Violent Crimes and the FBI's Innocent Images National Initiative, which investigates matters involving the online sexual exploitation of children. I have gained experience through training at the FBI's Innocent Images National Initiative training center and everyday work related to conducting these types of investigations. I am also a member of the Ohio Internet Crimes Against Children ("Ohio ICAC") Task Force and investigate crimes involving images depicting child pornography and child exploitation. I have also received training in the investigation of various other criminal

offenses. I have also received training through the Ohio ICAC Task Force in undercover communications ("CHAT") with adult offenders seeking sexual contact with juveniles and perpetrators seeking to trade and distribute images of child pornography. During my career as a Detective as well as a Task Force officer in the FBI Child Exploitation Task Force, I have received training in the forensic interviewing of children. I have also investigated numerous violations through the course of my duties as a Mansfield Division of Police Detective and I have seized evidence and arrested persons for violations of Ohio and Federal law, resulting in arrests and convictions.

3. In my capacity as a Federal Task Force Officer, having received a Special Deputization from the United States Marshal's Office, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States under Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure. Your Affiant is engaged in the enforcement of criminal laws and is within a category of officers authorized by the Attorney General to request and execute search warrants pursuant to Title 18, United States Code, Sections 3052 and 3107; and DOJ regulations set forth at Title 28, C.F.R, Sections 0.85 and 60.2(a).

4. The statements contained in this affidavit are based in part on: information provided by FBI Special Agents, Task Force Officers, and Detectives; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents, information gathered from the service of administrative subpoenas; the results of physical and electronic surveillance conducted by law enforcement agents; independent investigation and analysis by FBI agents/analysts and computer forensic professionals; and my experience, training and background as a Task Force Officer ("TFO") with the FBI. Since this affidavit is being

submitted for the limited purpose of establishing probable cause, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that ALBERT SHOCKRY AIAD-TOSS committed violations of Title 18, United States Code, Section 1591(a)

**STATUTORY AUTHORITY**

5. This investigation concerns alleged violations of Title 18, United States Code, Section 1591(a). Relevant here, Section 1591(a) prohibits any individual from knowingly recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing, or soliciting by any means a person knowing, or in reckless disregard of the fact, and having had a reasonable opportunity to observe, that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act.

**PROBABLE CAUSE**

6. On June 25, 2019, Detective Mager of the Ashland Police Department contacted me and advised that her department was working an investigation involving AIAD-TOSS and the sex trafficking of several minor children.

7. Detective Mager advised that she had been in contact with an individual about the exploitation of her daughter, Minor Victim #1 ("MV#1"). MV#1 is a 13-year-old girl whose identity is known to law enforcement. MV#1 reported that AIAD-TOSS was engaging in sexual relations with several different minors for money.

8. On June 27, 2019, Detective Mager interviewed MV#1. MV#1 stated that she met AIAD-TOSS through the use of her cellular device and the application, Snapchat. MV#1 advised that she learned about him from another 12-year-old girl engaging in sexual relations with AIAD-TOSS.

9. MV#1 stated that AIAD-TOSS told her and other juvenile females that he is a doctor as well as an Uber driver from Brazil. MV#1 stated that AIAD-TOSS paid for sexual relations with her and other juvenile victims for cash and for money that he transferred through the mobile phone application, CASHAPP.

10. As to her specifically, MV#1 advised that AIAD-TOSS sent her multiple transactions via CASHAPP in exchange for her engaging in sexual conduct and for her companionship. For example, MV#1 stated that she engaged in genital to digital intercourse with AIAD-TOSS on June 17, 2019. MV#1 advised that AIAD-TOSS put “lube” on his hand, then tried to put a “sex toy” in her vagina, while telling her “to get this money.” Then, on June 18, 2019 at 7:16 p.m., AIAD-TOSS sent MV#1 a $500 transaction titled “For <red lips kiss emoji> .” On June 18, 2019 at 8:04 p.m., AIAD-TOSS sent her a $500 transaction via CASHAPP titled “For one year with love.” Additionally, on June 25, 2019 at 7:21 p.m., he sent her a $300 transaction titled “For puppy love.” The forensic examination of MV#1’s cellular phone displays these transactions along with user information. “User received from” information for AIAD-TOSS in CASHAPP contains username $AIADTOSS and a picture of AIAD-TOSS’s face.

11. MV#1 further advised that for additional payment for engaging in sexual relations with her, AIAD-TOSS gave her a silver Mitsubishi Outlander SUV to drive and use. Ashland Police Department/Ashland County Investigators observed this vehicle on June 25, 2019 in the driveway of MV#1’s grandmother’s residence in Ashland, Ohio. This vehicle was observed to have the Ohio license plate number 511ZBJ and is registered to AIAD-TOSS.

12. MV#1 stated that on the night of June 21, 2019, she and two other juveniles went to the AdultMart in Tallmadge, Ohio where AIAD-TOSS bought “sex toys” for the juveniles to

use later that night in a hotel. A forensic exam of MV#1's cellular device revealed a video of a minor juvenile female inserting what appears to be a white and blue vibrator into her mouth to simulate felatio while she is not wearing any pants, exposing her genitalia. On July 2, 2019, investigators spoke with an identified employee at the identified AdultMart, also known as Videos N'Things, in Tallmadge. The employee recognized a photograph of AIAD-TOSS provided by investigators and indicated that AIAD-TOSS came the store on more than one occasion. Pursuant to an administrative subpoena to Videos N'Things, employees reviewed surveillance video recorded at the store and identified an individual matching the description of AIAD-TOSS visiting the store on June 21, 2019 at a time consistent with the statement of MV#1. Based on a review of the surveillance video, employees indicated that the individual believed to be AIAD-TOSS appeared to arrive in a silver colored SUV consistent with the above mentioned Silver Mitsubishi SUV and exit the vehicle from a rear passenger door instead of from the driver's door.

13. A forensic examination of MV#1's cellular device revealed a picture of AIAD-TOSS with MV#1 and two other juvenile females in a vehicle, dated June 17, 2019 at 8:58:07PM (UTC+0).

14. Ashland County Sheriff's Office Detective Banks obtained reservation and payment receipts from the Holiday Inn Express Hotel in Ashland, Ohio on June 2, 2019. These reservation and payment receipts show AIAD-TOSS reserved a room for one night for three guests on June 1, 2019. A total of $191.09 was charged to a Chase Visa credit card ending in 2869.

15. A search of public databases show ALBERT AIAD TOSS associated with address 3960 Montereale Drive, Canfield, Ohio 44406.

16. A subpoena was issued to CASHAPP owned and controlled by Square Inc., on June 27, 2019 for subscriber information for user name $AIADTOSS between the dates of June 18, 2019 and June 26, 2019. Square Inc. advised that the information associated with that username is as follows:

- Account profile name: Aiad-toss
- Display name: Albert Aiad Toss
- Date of Birth: 11/11/1967
- Last four digits of the social security number: 2072
- Phone number: 330-707-5106
- Email address: albertossmd@gmail.com

17. Address: 3960 Montereale Drive, Canfield, Oh 44406 and 8401 Market St Youngstown, OH 44512

18. Bank: JPMorgan Chase Bank, N.A. with bank account number XXXXXX912 and routing number XXXXXXX37

19. Transactional history was provided by Square Inc., to include CASHAPP transactions that match the transactions on the forensics of MV#1's cellular device.

20. Physical surveillance conducted by investigators at 3960 Montereale Drive, Canfield, Oh 44406 on multiple occasions between June 27, 2019 and July 2, 2019 identified a vehicle registered to the subject parked at the residence.

21. A review of surveillance video obtained by investigators from the Hampton Inn in Ashland, Ohio showed an individual clearly identifiable as AIAD-TOSS inside the hotel with three females on June 15, 2019. One of the females is clearly identifiable as MV#1.

22. A subpoena return from Spirit Airlines indicates that ALBERT AIAD-TOSS was scheduled to fly from Lima, Peru to Fort Lauderdale, Florida on July 5, 2019, arriving at approximately 5:59 a.m. at Fort Lauderdale Hollywood International Airport.

23. On July 5, 2019, contact was made with AIAD-TOSS by Customs and Border Patrol ("CBP") at the Fort Lauderdale Hollywood International Airport upon his entry back into the United States of America. AIAD-TOSS was found to be in possession of hundreds of loose prescription pills and medication.

24. During the search of AIAD-TOSS's belongings, CBP located two (2) cellular devices belonging to AIAD-TOSS. The iPhone 6s was on his person and the iPhone Xr was located in his luggage powered on. CBP seized the phones.

25. AIAD-TOSS was subsequently interviewed on July 5, 2019, at approximately 08:00 AM, at which time he was advised of his Miranda warnings and consented to an interview with myself and Detective Mager. AIAD-TOSS confirmed his employment as an emergency room physician at several different hospitals. AIAD-TOSS stated in his interview that he utilized the CASHAPP application to pay MV#1 for sexual encounters with her and other juveniles. AIAD-TOSS further advised that he utilized CASHAPP and Venmo so he could "keep track" of his payments to the minor victims. AIAD-TOSS advised the he had budgeted $2000 per month for the illicit activities he was conducting with the minor victims and that the applications on his phone allowed him to keep track of those expenses.

26. AIAD-TOSS advised that he engaged in sexual activities with MV#1. AIAD-TOSS described touching her vagina and inserting a vibrator device into the vagina of MV#1; however, he denied using his fingers to penetrate her vagina. AIAD-TOSS subsequently

admitted to paying the minor victims for sexual activities in forms of cash, CASHAPP money transfers, shopping trips for clothing, and the use of a Mitsubishi SUV as mentioned above.

27. AIAD-TOSS stated in the interview in regards to paragraph 12 above, that the girls remained in the vehicle and did not go inside of the sex toy store because “you have to be 18 to go inside.”

28. Pursuant to a Federal Search warrant issued by the Honorable Magistrate Judge William H. Baughman, Jr, I performed a forensic examination of cellular devices belonging to AIAD-TOSS on July 9, 2019. Upon review of the devices, CASHAPP and Venmo transactional logs were observed and confirmed the transactions outlined in paragraphs 10 and 19 above.

29. During the forensic review of the iPhone 6s, conversations on Snapchat were observed with MV#1 on June 26, 2019. The conversation is listed under “Shawty <flying money emoji><heart eyes emoji><rain drops emoji> and then the MV#1’s full name and the number 9 as her username. A picture is observed to be saved that displays MV#1’s CASHAPP name and username. The last message from MV#1 is observed as “I dropped my phone in the toilet and it doesn’t work no more so I won’t be able too [sic] text you.”

**CONCLUSION**

30. Based on the aforementioned factual information, your affiant respectfully submits that there is probable cause to believe that ALBERT SHOCKRY AIAD-TOSS did engage in recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing, or soliciting by any means a person knowing, or in reckless disregard of the fact, and having had a reasonable opportunity to observe, that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act and has violated Title 18, United State Code, Section 1591(a).

31. I further request that the Court order that all papers in support of this application, including the Affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

Respectfully submitted,

TFO [signature] FBI

TFO Ryan D. Anschutz, FBI

Sworn to this 10th day of July, 2019, via telephone after submission by reliable electronic means. Fed. R. Crim. P. 4.1 and 41(d)(3).

[signature]

Honorable William H. Baughman, Jr.
United States Magistrate Judge

