IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 4:19CR521 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | |
| ALBERT AIAD-TOSS, | ) | RESPONSE IN OPPOSITION TO |
| | ) | DEFENDANT'S MOTION TO |
| Defendant. | ) | CONTINUE |

Now comes the United States of America, by and through counsel, Justin E. Herdman, United States Attorney, Bridget M. Brennan, First Assistant United States Attorney, and Ranya Elzein, Assistant United States Attorney, and hereby submits the following response in opposition to Defendant's Motion to Continue, R. 45.

**I.     Background**

On August 28, 2019, a federal grand jury returned an indictment charging Defendant Albert Aiad-Toss with four counts of Sex Trafficking of a Minor, in violation of 18 U.S.C. § 1591(a), and one count of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a).  (R. 5: Indictment, PageID 16-21).  The indictment named four separate victims. (*Id.*).  The time period in which the conduct occurred was June 1, 2019 through June 20, 2019. (*Id.*).

Aiad-Toss retained counsel, to whom the government provided discovery.  The trial was initially set for November 12, 2019.  (R. 26: First Mot. to Continue, PageID 88).  On October 29, 2019, Aiad-Toss filed his first motion to continue the trial, which the Court granted.  (*Id.*; R. 27:

Order, PageID 92-93). The Court set a new trial date of February 3, 2020. (R. 27: Order, PageID 93).

On November 19, 2019, a federal grand jury returned a superseding indictment adding three charges of Sex Trafficking of a Minor, in violation of 18 U.S.C. § 1591(a), against Aiad Toss. (R. 28: Superseding Indictment, PageID 94-101). The three new counts added two additional victims and extended the time period by one day to June 21, 2019. (*Id*.).

On December 20, 2019, Aiad-Toss filed his second motion to continue, which the Court granted. (R. 33: Second Mot. to Continue, PageID 112-116; R. 35: Order, PageID 117-118). The Court set the new trial date for June 1, 2020. (R. 35: Order, PageID 118).

On February 4, 2020, Aiad-Toss's counsel moved to withdraw their representation, which motion the Court granted the same day. (R. 36: Mot. to Withdraw, PageID 119-121); (Dkt. Entry 2/4/2020).

Current defense counsel entered an appearance the following day. (R. 27: Notice of Appearance, PageID 122-123). Current counsel indicates that they received discovery from prior counsel on March 4 and March 19, 2020, however they have "not yet confirmed receipt of the full internal client file(s) for Aiad-Toss, including the correspondence file(s) with the necessary information as to previously engaged defense experts." (R. 45: Third Mot. to Continue, PageID 164).

On March 23, 2020, Aiad-Toss filed his third motion to continue. (R. 45: Third Mot. to Continue, PageID 163-167). For the following reasons, the Court should deny his motion.

**II.     Argument**

The Court should deny Aiad-Toss's motion as premature. The trial is not set to begin until June 1, 2020, and the circumstances that he identifies in his motion do not justify a continuance at this time.

First, by defense counsel's representation, it appears that they have received discovery in this case and are only awaiting to confirm receipt of all internal client files. (R. 45: Third Mot. to Continue, PageID 164). Awaiting such confirmation does not necessitate a continuance of the June 1 trial date.

Second, Aiad-Toss's retention of an expert in conjunction with his motion to suppress does not justify a continuance. Aiad-Toss intends to move to suppress the statements he made to law enforcement during a recorded interview on June 5, 2019. In connection with that motion, he engaged a potential expert to opine on the mental impact and effects of certain prescription and controlled substances. Aiad-Toss explains that the expert cannot currently meet Aiad-Toss in person due to COVID-19. These circumstances do not warrant a continuance. The expert would presumably opine on the effect of prescription and controlled substances that Aiad-Toss claims he took the day of the interview. Aiad-Toss does not explain why an in-person meeting is necessary for an expert to formulate an opinion on the effects of substances that he took back in June. Unlike evaluating a defendant for competency, an in-person meeting is not necessary to evaluate a defendant's mental state on a certain prior occasion. Rather, the expert can communicate with Aiad-Toss over the phone, listen to the recorded interview, interview witnesses telephonically or by videoconference, and consult medical materials regarding the substances at issue, all from his home. It is unclear why an in-person meeting would be necessary, and therefore a continuance on this basis is not warranted.

Third, counsel's inability to currently meet with Aiad-Toss in person does not justify a continuance at this time.  First, Aiad-Toss does not identify any limitations to communication by phone or letter.  And the Mahoning County Jail's COVID-19 restrictions do not appear to preclude access to videoconferencing.[1]  Second, the trial in this matter is not scheduled until June 1, 2020.  Thus, any prejudice that Aiad-Toss may suffer from the inability to meet his counsel in-person is minimal at this time.  Responses to COVID-19 are changing daily, and a continuance at this time would be premature, especially in light of the minor victims impacted.

Indeed, there are six minor victims awaiting the trial of this case, and any unnecessary delay would violate their rights.  Specifically, federal law requires that in cases involving minor witnesses that the court designates as one of special public importance, "the court shall ensure a speedy trial in order to minimize the length of time the child must endure the stress of involvement with the criminal process.  When deciding whether to grant a continuance, the court shall take into consideration the age of the child and the potential adverse impact the delay may have on the child's well-being."  18 U.S.C. 3509(j).  This case, which involves an emergency physician coercing and forcing six minor girls to engage in commercial sex acts, qualifies as a case of special public importance, and the Court should so find.  Further, the victims range from 12 to 15 years old, and they have been suffering the stress of this case for several months.  The alleged crimes occurred one year before the current trial date, the case has been pending for approximately seven months, and it will be at least ten months before the case proceeds to trial.  Holding the trial as soon as possible is necessary to avoid further adverse impact on the victims' well-being.  They, and the public, have an interest in a timely resolution of this case.

---

[1] *See* https://mahoningsheriff.com/index.php/inmate-info (excluding attorney and video visitation from limitations).

4

**III.** **Conclusion**

For the foregoing reasons, the Court should deny Aiad-Toss's motion as premature.

        Respectfully submitted,

        JUSTIN E. HERDMAN
        United States Attorney

By:   /s/ Ranya Elzein
        Ranya Elzein (OH: 0090887)
        Bridget M. Brennan (OH: 0072603)
        Assistant United States Attorneys
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3929/3810
        (216) 522-8355 (facsimile)
        Ranya.Elzein@usdoj.gov
        Bridget.Brennan@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on this 30th day of March 2020, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

                                         */s/ Ranya Elzein*
                                         Ranya Elzein
                                         Assistant U.S. Attorney